# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv178

| | |
|---|---|
| DEERBORNE COTTAGES, LLC, a North Carolina Limited Liability Corporation, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| FIRST BANK, Successor to THE BANK OF ASHEVILLE, et al., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF DECISION AND ORDER**

**THIS MATTER** is before the Court on the Defendant Federal Deposit Insurance Corporation's Motion for Judgment on the Pleadings [Doc. 38].

## I.    PROCEDURAL BACKGROUND

The Plaintiffs brought this action on June 15, 2011 in the Buncombe County General Court of Justice, Superior Court Division, against the Defendants First Bank, as successor to The Bank of Asheville ("First Bank"); the Federal Deposit Insurance Corporation, as receiver for the Bank of Asheville ("FDIC-R"); G. Gordon Greenwood ("Greenwood"); and Raynia J. White ("White"), asserting a breach of contract claim arising out of alleged oral agreements that The Bank of Asheville would provide future funding for the

development of vacation rental cottages on a parcel of property that the Plaintiff Deerborne Cottages, LLC ("Deerborne Cottages") purchased in 2009.[1] [Complaint, Doc. 1-3]. Additionally, the Plaintiffs asserted claims for fraud, negligent misrepresentation, and unfair and deceptive trade practices arising out of the alleged misrepresentations made by Greenwood and White related to the future funding for the development. [Id.]. The action was removed to this Court on July 18, 2011. [Doc. 1].

On August 15, 2011, FDIC-R filed a motion to dismiss the claims asserted against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 13]. FDIC-R did not raise any arguments regarding the applicability of 12 U.S.C. § 1823(e) in its motion, as it had not obtained the intra-corporate approvals necessary for FDIC-R to assert § 1823(e) as of the date of filing.

On August 10, 2011, Defendant First Bank requested an extension of time to respond to the Complaint on the ground that "First Bank is waiting for permission from the FDIC to assert the FDIC's special defenses in this matter." [Doc. 9]. The Court granted this motion on August 12, 2011. [Doc. 10]. On September 13, 2011, First Bank then filed a motion to dismiss,

---

[1] Weststar Financial Services Corporation ("Weststar") was also named as a defendant to this action. The Plaintiffs voluntarily dismissed their claims against Weststar on December 19, 2011. [Doc. 35].

arguing *inter alia* that § 1823(e) barred the Plaintiff's assertion of an oral agreement, as well as causes of action related to the alleged oral agreement. [Docs. 21, 22]. On September 28, 2011, FDIC-R filed a motion to join First Bank's motion to dismiss pursuant to § 1823(e). [Doc. 26]. The Court granted FDIC-R's motion on October 3, 2011. [Doc. 30].

On April 9, 2012, the Honorable Dennis L. Howell, United States Magistrate Judge, entered a Memorandum and Recommendation with respect to the Defendants' Motion to Dismiss. [Doc. 36]. Judge Howell recommended that the Plaintiffs' claim for breach of contract be dismissed with respect to all of the Defendants, on the ground that such claim was barred by the statute of frauds. [Id. at 11-12, 20-23]. The Magistrate Judge recommended that the Plaintiffs' remaining claims for fraud, negligent misrepresentation, and unfair and deceptive trade practices be dismissed as to First Bank, as the Complaint failed to allege that First Bank made any misrepresentations to the Defendants and further failed to allege any basis for holding First Bank liable for the misrepresentations made by the other Defendants. [Id. at 21-22].

With respect to Plaintiff's claims for negligent misrepresentation and unfair and deceptive trade practices[2] against FDIC-R, Judge Howell recommended denying FDIC-R's motion to dismiss, reasoning that "[n]either

---

[2] The Plaintiffs did not assert a fraud claim against FDIC-R.

3

the statute of fraud nor the parol evidence rule bars Plaintiffs' tort claims as a matter of law." [Id. at 14]. The Memorandum and Recommendation did not address FDIC-R's adoption of First Bank's § 1823(e) argument or the applicability of that statute to the claims remaining against FDIC-R.

No objections were filed to the Memorandum and Recommendation, and the Court adopted the Magistrate Judge's Recommendation on May 21, 2012. [Doc. 41].

Following the entry of the Memorandum and Recommendation, FDIC-R filed an Answer to the Plaintiffs' Complaint. [Doc. 37]. Then, on May 9, 2012, FDIC-R filed the present motion, seeking a judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, arguing that the Plaintiffs' remaining claims are barred under 12 U.S.C. § 1823(e). [Doc. 38]. The Plaintiffs oppose FDIC-R's motion, arguing that "FDIC-R should not be allowed to reassert an argument that it has previously made and which was rejected by this Court on the prior Rule 12(b)(6) motion." [Doc. 42 at 2].

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The failure to state a claim upon which relief may be granted can be raised by a motion for judgment on

4

the pleadings. See Fed. R. Civ. P. 12(h)(2)(B). Such a motion is decided using the same standard as that applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. McBurney v. Cuccinelli, 616 F.3d 393, 408 (4th Cir. 2010).

Thus, in order to survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 1678, 29 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937.

In reviewing the complaint, the Court must accept the truthfulness of all factual allegations but is not required to assume the truth of "bare legal conclusions." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient ...." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012). Determining whether a complaint states a plausible claim for relief is "a context-specific task," Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009), which requires the Court to assess whether the factual allegations of

the complaint are sufficient "to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

III. **DISCUSSION**

At the outset, the Court will address the Plaintiffs' argument that FDIC-R's Rule 12(c) motion is procedurally barred.

FDIC-R belatedly asserted § 1823(e) as a basis for its Rule 12(b)(6) motion by adopting First Bank's brief on the issue. Because the Magistrate Judge recommended granting First Bank's 12(b)(6) motion on other grounds, the § 1823(e) argument was not specifically addressed in the Memorandum and Recommendation with respect to any party. After filing its Answer, FDIC-R reasserted its § 1823(e) argument in a Rule 12(c) motion. The Plaintiffs now argue that FDIC-R cannot reassert this ground as a basis for dismissal. The Plaintiffs, however, are incorrect. While a party is generally prohibited from making successive Rule 12 motions, see Fed. R. Civ. P. 12(g)(2), such prohibition does not apply to a motion for judgment on the pleadings based upon a failure to state a claim upon which relief can be granted. See Alexander v. City of Greensboro, 801 F.Supp.2d 429, 434 (M.D.N.C. 2011) ("Rule 12(c) motions for judgment on the pleadings based upon failure to state a claim are explicitly exempted from the prohibition in Rule 12(g)(2)."). Here, FDIC-R asserts that the Plaintiffs have failed to state a claim upon which relief

can be granted as their claims are barred under § 1823(e).  FDIC-R is not precluded from raising this argument in a Rule 12(c) motion, and thus, the Court will proceed to address the motion on its merits.

In seeking the dismissal of the Plaintiffs' claims, FDIC-R relies upon 12 U.S.C. § 1823(e), which provides, in pertinent part, as follows:

> No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement—
>
> (A) is in writing,
>
> (B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
>
> (C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
>
> (D) has been, continuously, from the time of its execution, an official record of the depository institution.

12 U.S.C. § 1823(e)(1).  These statutory requirements are derived from what is known as the D'Oench doctrine, which "prohibits claims based upon agreements which are not properly reflected in the official books or records of a failed bank or thrift."  Resolution Trust Corp. v. Allen, 16 F.3d 568, 574 (4th

Cir. 1994) (citing D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942)). Generally stated, "[t]he purpose of the doctrine and the statute which codifies it is to permit the FDIC to rely on bank records and to protect the FDIC from secret agreements." FDIC v. Hadid, 947 F.2d 1153, 1157 (4th Cir. 1991). The doctrine is applicable regardless of whether the borrower characterizes his claim based upon the agreement as one for breach of contract or one for fraud. See Langley v. FDIC, 484 U.S. 86, 91-93, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987) (noting that misrepresentations, even those amounting to fraud, constitute § 1823(e) "agreements"). A party must satisfy all four requirements of § 1823(e)(1) in order to enforce an "agreement" against FDIC. Young v. FDIC, 103 F.3d 1180, 1187 (4th Cir. 1997).

In the present case, thee Plaintiffs' remaining claims against FDIC-R for negligent misrepresentation and for unfair and deceptive trade practices revolve around (1) The Bank of Asheville's alleged oral commitment to provide financing "for a period of four years up to the amount of $2,800,000 to allow completion of at least 20 cottage rental units on the subject property" [Complaint, Doc. 1-3 at ¶ 43(a)]; (2) The Bank of Asheville's alleged failure to disclose that it could not or did not intend to accomplish the financing [Id. at ¶ 51]; and (3) the Plaintiffs' alleged reliance on The Bank of Asheville's oral representations that the "financing would be continuing" [Id. at ¶¶ 51, 53]. The

Plaintiffs are precluded from asserting its claims for negligent misrepresentation and unfair and deceptive trade practices by virtue of § 1823(e). See Langley, supra; FDIC v. State Bank of Virden, 893 F.2d 139, 144 (7th Cir. 1990) (debtor's claim based on fraudulent omission precluded under § 1823(e); "[i]f the debtor can't use the bank's lies to block repayment, it can't use material omissions either -- for the half-truth is one form of lie"); FDIC v. Bell, 892 F.2d 64, 66 (10th Cir. 1989) ("If fraudulent warranties fall within the reach of [§ 1823(e)], it is irrelevant whether the fraud was caused by overt misrepresentation or deceitful omission."); Fairfield Six/Hidden Valley P'ship v. Resolution Trust Corp., 860 F.Supp. 1085, 1088 (D. Md. 1994) (holding plaintiff's claims for fraud and negligent misrepresentation based on oral promises to provide financing were barred under § 1823(e)). Accordingly, FDIC-R's motion for judgment on the pleadings is granted.

**IT IS, THEREFORE, ORDERED** that the Defendant Federal Deposit Insurance Corporation's Motion for Judgment on the Pleadings [Doc. 38] is **GRANTED**, and the Plaintiffs' remaining claims against the FDIC are hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Signed: September 22, 2012

Martin Reidinger
United States District Judge